Brockenbrough, J.
delivered the opinion of the Court.*
The plaintiff in error was indicted for feloniously passing to one John Whittaker, a counterfeit bank note, purporting to be a note of the Bank of the United States. At the trial, certain exceptions were taken to the opinion of the Court, which will be noticed in their regular order. Judgment having been rendered against him, he obtained a Writ of Error at the last term of this Court, and the question now is, whether the judgment shall be reversed or affirmed ?
1. The first branch of the Bill of Exceptions sets forth, that the Attorney for the Commonwealth introduced a witness, who proved that he had, during the last winter, a conversation with the prisoner, while he was confined in jail, concerning the prosecution; the witness warned the prisoner against making any communication, informing *707 him that he should be compelled to detail in evidence, whatever he communicated. The prisoner replied, that he knew it, an^meant to explain the matter to him: the pri¿oner then said, “that what Mr. Candler swore at the Called Court, was strictly true, as far as he went, but that he had not told all, or enough.” An interruption of the conversation here took place, whilst the prisoner was in the act of speaking of Candler’s testimony, nor was an opportunity again afforded him of renewing it. In this interrupted conversation, the prisoner did not attempt to recapitulate the testimony which Candler had given at the Called Court, but merely referred to it as before mentioned. The Attorney for the Commonwealth, then offered to prove by other witnesses, what Candler had testified before the Called Court, having first proved that Candler, though living, is beyond the jurisdiction of the Court, having left the Commonwealth soon after he was summoned to attend the Court as a witness. The prisoner objected to this evidence, hut the Court admitted it, instructing the jury, how» ever, that although the testimony was admissible, yet it was peculiarly proper for them to consider and decide on the weight to which it was entitled, from the interruption of the conversation ii^which the prisoner had spoken of Candler’s evidence. It seems to this Court, that there is a weighty objection to the admission of the evidence which was introduced to prove what Candler had sworn to in the Called Court. The Attorney for the Commonwealth supposed that he had laid a foundation for the introduction of that evidence, in the interrupted conversation of the prisoner. The objection to the evidence is, that in reality the prisoner made no confession of guilt at all; the conversación was rather a declaration of his innocence, than a confession of guilt. Nor was it a confession that Candler’s evidence was true; he said that what Candler swore to was true, as far as he went, but he did not say all, or enough. If a witness has told the truth, but not the whole truth, his evidence is not true. The conversation, then, of *708 the prisoner, laid no foundation whatever for the introduce tion of the other evidence, and both should have been ex-eluded from the consideration of the jury. ^A question, however, arises on this Bill of Exceptions, of a graver and jjjqpq important, character: it is, whether the evidence which Candler gave on the examination, can be admitted per se, and independently of the prisoner’s confession, Candler having removed from the Commonwealth. In a civil action, if a witness who has been examined in a former trial, between the same parties, and on the same issue, is since dead, what he swore to on the former trial, may be given in evidence, for the evidence was given on oath; and the party had an opportunity of cross-examining him. Peake, 60; Phillips, 199. But we cannot find that the rule has ever been allowed in a criminal case; indeed, it is said to he expressly otherwise. Peake, 60, quoting Fenwicke’s Case, 4 St. Trials. Nor can we find that the rule in civil cases extends to the admission of the evidence formerly given by a witness who1 has removed beyond the jurisdiction of the country; much less can it be admitted in a criminal case. We are all, therefore, of opinion, that there is error in the judgment of the Court, as set forth in the first part of the Bill of Exceptions^
2. Of the second exception, no notice need be taken, because it relates to the proof of what Candler had sworn to on the former occasion, and we have excluded it on another ground.
3. The third exception relates to evidence offered by the prisoner; but, as the Court is equally divided on its admissibility, it will not be noticed.
4. In the progress of the trial, the Attorney for the Commonwealth offered in evidence the warrant for the apprehension of the prisoner, and one Jesse G. Ballard, charged with this offence. The prisoner moved to exclude it, but the Court permitted it to go to the jury, accompanied with the instruction that it was no evidence of the truth of any of the recitáis contained in it, and could only be looked *709 into for the purpose of ascertaining the period of commentsing the prosecution, and the persons against whom it was commenced. On offering the warrant in evidence, the prisoner’s counsel admitted, that the Jesse G. Ballard named therein, was the same person who had been examined as a witness for the prisoner.
As the warrant for apprehending the prisoner does not appear to be evidence of itself, it was certainly the duty of the attorney to shew the relevancy of it; if it was wanting for the purpose of shewing the date of the prosecution, it would have answered that purpose to have stated to the jury the date which appeared on the warrant, and that might have been stated by the counsel, or a witness; but, it was improper to give it in evidence for the purpose of shewing the persons against whom it was issued, without shewing that from some previous evidence, that fact became material in the cause; the rule being, that where evidence is not prima facie admissible, the circumstances which render it. so must be set out.
5„ In the course of the trial, the Attorney for the Commouwealth examined a witness, who deposed, that the prisoner had, on two or three occasions within twelve months before the commencement of the prosecution, applied to the witness to procure for him counterfeit money from a person on Big Sandy river, who was reported to inake it, but the witness did not recollect that either bank notes or coin were particularly mentioned; that on one of these occasions, when the witness had recently returned from that part of the country, in which he resides, the prisoner enquired of him, if he had brought him any of the money, and on being told that he had not, the prisoner replied, that he must go over himself, and spoke of obtaining employment in that quarter as a surveyer, and using it as a means of cultivating an acquaintance with the person reported to be engaged in counterfeiting, but that the witness had no knowledge of the prisoner’s ever going to that quarter of the country., or Siis being absent from Ka *710 nawha at any time since. The prisoner objected to this evidence, but the Court admitted it as tending to prove the scienter.
The passing a counterfeit note, may be of itself a perfectly innocent transaction; the guilt consists in passing it, knowing it to be counterfeit. If no other circumstances than those of the transaction itself are given in evidence, it would be impossible to ascertain whether it was passed with this guilty knowledge, or not. Hence Courts have been driven to the necessity in such cases, of admitting evidence of the conduct of the prisoner, so that from his conduct on one occasion, the jury may infer his knowledge on another. Thus, in Whiley & Haines's Case, (2 Leach, 983,) on a charge of uttering forged notes, evidence was admitted to-prove that they had uttered other forged notes, knowing them to be forged. So in Ball's Case, it being proved that the prisoner had uttered counterfeit notes in June, 1807, proof was offered to shew that he had, in the March preceding, uttered another forged note, and that from December, 1806, various forged notes had been paid into bank endorsed with his hand-writing. In these cases, substantive felonies were allowed to be given in evidence, for the purpose of proving that he knew that the note he uttered was forged. Is not the evidence offered here, admissible on the same principle ? The prisoner endeavoured to engage a person to procure for him counterfeit money; enquired whether he had brought him any, and declared that he intended to cultivate the acquaintance of a counterfeiter, and for that purpose, intended to remove to a place near his residence. This evidence taken singly, it is true, may have but little weight; but, all the evidence in the cause is not given, and there may have been other circumstances connected with it, which would manifestly prove the guilty knowledge. The evidence given is probably a link in the chain of evidence, and being so, it would be wrong to exclude it from the consideration of the jury, the object being to infer from his conduct and declarations, *711 his knowledge of this fact. On this ground, a majority of the Court in of opinion, that there was no error in admitting it.
Bui. the judgment is to be reversed for the errors contains i in the first and fourth exceptions, and a new trial awarded.

 Absent, Dada and Semple, J.